IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RODRIC D. COHNS                                                                                      PLAINTIFF

V.                              CASE NO. 4:15-CV-00023-BSM/BD

SCOTT HUFFMAN,                                                                                      DEFENDANTS
DURWIN LASKER,
JOHN RANDALL,
LLOYD VINCENT,
and BRYANT BROWN

## RECOMMENDED DISPOSITION

I.     **Procedure for Filing Objection:**

This Recommended Disposition ("Recommendation") has been sent to Chief Judge Brain S. Miller. A party to this suit may file written objections with the Clerk of Court within fourteen (14) days of filing of the Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, you may waive any right to appeal questions of fact. And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

II.    **Background:**

On January 12, 2015, Plaintiff Rodric D. Cohns, an inmate at Faulkner County Detention Center, filed this lawsuit *pro se* under 42 U.S.C. § 1983, alleging that

1

Lieutenant Scott Huffman, Lieutenant Durwin Lasker, Major John Randall, Administrator Lloyd Vincent, and Correctional Officer Bryant Brown failed to protect him from a known threat.  (Docket entry #2)  The Defendants answered Mr. Cohns's complaint by denying the allegations and raising affirmative defenses.  (#12)

The Defendants have now filed a motion for summary judgment contending that they had no knowledge of any alleged threat and are entitled to qualified immunity.  (#16, #17, #18)  In addition to their motion for summary judgment, Defendants have submitted a Statement of Undisputed Fact (#18) with three attachments:  the affidavit of Major Randall, who is both a Defendant and custodian of records for the Detention Center (#18-1); Mr. Cohns's Detainee File (#18-2); and the Detention Center's Protective Custody Policy (#18-3)  Mr. Cohns has not responded to the Defendants' motion, although the Court notified him of the opportunity to respond.  (#19)  Because Mr. Cohns has not contested the Defendants' Statement of Undisputed Facts, the Court will deem the facts to be true.

### III.   Discussion:

####    A.    Standard

Summary judgment is proper when the moving party presents evidence, viewed in the light most favorable to the nonmoving party, showing that there is no real dispute as to any material fact.  FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  If the moving party meets

this burden, the nonmoving party must come forward with evidence showing that there is a genuine dispute that must be decided at a trial. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (citing *Celotex Corp.*, 477 U.S. at 323). If the nonmoving party does not come forward with evidence sufficient to establish a necessary element of his case, the moving party is entitled to the judgment as a matter of law. *Celotex Corp.*, 447 U.S. at 323.

  B. Failure to Protect

The Eighth Amendment prohibits cruel and unusual punishment and requires officials to take "reasonable measures to guarantee [an] inmates safety by protecting [him] from attacks by other prisoners." *Young v. Selk*, 508 F.3d 868, 871-72 (8th Cir. 2007) ( internal quotations and citations omitted).[1]

In order for Mr. Cohns to move forward on his claims, he must show that Defendants were deliberately indifferent to the substantial risk of serious harm from his cell-mates. *Young*, 508 F.3d at 872 (quoting *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)). First, Mr. Cohns must establish that the deprivation of his rights was sufficiently

---

[1] Mr. Cohns was a pretrial detainee at the time the underlying event took place, so his claims must be analyzed under the Fourteenth Amendment's Due Process Clause. *Crow v. Montgomery*, 403 F.3d 598, 601 (8th Cir. 2005). Courts apply the eight amendment deliberate-indifference standard to failure-to-protect claims made by pre-trial detainees. *Butler v. Fletcher*, 465 F.3d 340, 344 (8th Cir. 2006).

serious. *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008). Second, Mr. Cohns must prove that the Defendants had a sufficiently culpable state of mind. *Id.*

An official can be liable for deliberately indifference to an inmate's safety only if he or she actually knows of the substantial risk and fails to respond reasonably. *Young*, 508 F.3d at 873. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842.

Certainly, Mr. Cohns faced an objective risk of harm when Defendants housed him with an inmate who was going testify against him. The question, then, is whether the Defendants knew about that risk of harm yet failed to reasonably respond.

At the Faulkner County Detention Center, an inmate may be placed in protective custody in three circumstances: (1) the inmate can request to be placed in protective custody and provide a reason; (2) a facility employee can recommend that an inmate be placed in protective custody; or (3) a judge or prosecutor can recommend that an inmate be placed protective custody. (#18-3)

Prior to Mr. Cohns's altercation, he did not have any identified or named enemies listed in the Faulkner County Detention Center computer system. (#18-1 at p. 2) Also, there is no record showing that the prosecuting attorney told the Defendants that Mr.

Cohns's cell-mate would testify against him at trial. (#18-1 at p. 2) Importantly, Defendants learned that Mr. Cohns's cell-mate would testify against him only after the altercation took place. In fact, it was only as Mr. Cohns was being removed from his cell after the altercation that he informed the Defendants that his cell-mate planned to testify against him at trial. (#18-2 at p. 4) Mr. Cohns had discovered this information after meeting with his attorney, who provided him an email from the prosecuting attorney containing this information. (#2 at p. 10)

Defendants did not know of any risk of harm posed by allowing Mr. Cohns to be housed with inmate Glen Toney; therefore, they cannot be liable for failing to take actions to protect him. Because this fact is uncontested,[2] the Defendants are entitled to judgment as a matter of law.

## IV. Conclusion:

The Court recommends that the Defendants' motion for summary judgment (#16) be GRANTED. Mr. Cohns's claims should be DISMISSED, with prejudice.

DATED this 26th day of October, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Because Mr. Cohns's claims fail as a matter of law, the Court will not address the Defendants' qualified immunity argument in this Recommendation.